# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED MINOR,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 18-353 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| **MICHAEL D. OVERMYER, et al.,** | ) | **Magistrate Judge Richard A. Lanzillo** |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Plaintiff Fred Minor, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this *pro se* civil rights action on November 5, 2018, against the following Defendants: SCI-Forest Superintendent Michael D. Overmyer ("Overmyer"); SCI-Forest Deputy Superintendents D.F. Oberlander ("Oberlander") and J.W. Sawtelle ("Sawtelle"); Keri Moore, SOIGA Grievance Examiner at the Pennsylvania Department of Corrections ("Moore"); I. Gustafson, PREA/Unit Manager at SCI-Forest ("Gustafson"); and E. Ireland, former Corrections Classification and Program Manager at SCI-Forest ("Ireland").[1] The case was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. This matter was subsequently assigned to the undersigned, as presiding judge, on October 1, 2019, with Judge Lanzillo remaining as the referred Magistrate Judge for all pretrial proceedings.

---

[1] Plaintiff also named as an original Defendant David Kraynak, Sergeant at SCI-Frackville, where Plaintiff was previously incarcerated ("Kraynak"); however, all claims against Defendant Kraynak were subsequently dismissed at the request of Plaintiff on January 15, 2021, and Defendant Kraynak was terminated from this case [ECF No. 39].

In his *pro se* complaint, Plaintiff alleges retaliation, due process, and conditions of confinement claims under the first, fourth, fifth, eighth, and fourteenth amendments to the United States Constitution. On August 24, 2021, Defendants filed a motion for summary judgment [ECF No. 51], to which Plaintiff filed a counter-statement of facts [ECF No. 56] and response in opposition [ECF No. 57]. On February 14, 2022, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendant's motion for summary judgment be granted. [ECF No. 61]. Plaintiff has since filed timely objections to the R&R [ECF No. 62], which raise a number of meritless claims that need not be considered; however, the objections do provide further arguments regarding two issues that warrant a response.

The first issue is the personal involvement of Defendant Ireland.[2] Judge Lanzillo determined in his R&R that Ireland's involvement in Plaintiff's due process claim regarding his SDU placement was "administrative at most" when she reviewed Plaintiff's housing status and continued him on AC status on November 23, 2016, pending a decision from the PRC on when to return him to the SDU. Plaintiff counters this finding by questioning the motive and authority of Ireland in writing the "others report" on November 23, 2016, when a similar "others report" written by Defendant Gustafson on November 3, 2016, was still pending [ECF No. 58-14].

It is apparent from Plaintiff's objections in this regard that he has misconstrued the course of events. After reviewing the sequence of the other reports and attendant administrative proceedings at issue [ECF Nos. 58-14 and 58-15], it appears that, in response to Gustafson's

---

[2] Plaintiff also challenges the Magistrate Judge's finding that Defendants Overmyer, Moore, Oberlander, and Sawtelle were not personally involved in any of the conduct of which Plaintiff complains, beyond their roles as supervisors and grievance review officers. However, Plaintiff's objections in this regard only further confirm that said Defendants merely acted in supervisory and/or grievance review capacities and, thus, lacked the personal involvement necessary to sustain any claims against them.

other report dated November 3, 2016, the Plaintiff was immediately placed on AC status by Gustafson, pending PRC review (ECF No. 58-14, at p. 1). It then appears that Defendant Ireland conducted an administrative review of Plaintiff's housing status and issued another report on November 23, 2016, continuing him on AC status pending a decision on his SDU placement, This placement was reviewed and approved by Defendant Gustafson on the same date (ECF No, 58-15, at p. 1). As the Magistrate Judge has correctly noted, this action by Defendant Ireland was administrative in nature and did not implicate Plaintiff's due process rights because she simply continued him on AC status.

The second issue that needs to be addressed is Judge Lanzillo's treatment of Plaintiff's retaliation claims. In particular, Plaintiff challenges Judge Lanzillo's findings that Plaintiff failed to establish that Defendants Oberlander and Sawtelle took an adverse action against him when they placed him in the SDU, and that neither Defendants Oberlander and Sawtelle, nor Defendant Gustafson, acted with a retaliatory motive when they placed him in the SDU and the RHU, respectively. These objections are ultimately immaterial, however, in light of Judge Lanzillo's overarching finding that the Defendants would have taken the same actions based on legitimate penological reasons, regardless of Plaintiff's engagement in protected conduct (ECF No. 61, at pp. 22-23). Specifically, Judge Lanzillo found that Defendant Gustafson's placement of Plaintiff in the RHU was in response to Plaintiff's violation of institutional rules in the SDU and, thus, served the legitimate penological interest of requiring rules compliance. No adequate objection has been raised to counteract this finding. Similarly, Judge Lanzillo found that the decision of Defendants Oberlander and Sawtelle to place Plaintiff in the SDU was made after Plaintiff was transferred to SCI-Forest because he assaulted an officer at his previous institution

and, thus, served the legitimate penological interest in putting an inmate with a past incidence of violence in the SDU, which is designed to reduce violence. Plaintiff's claim that this was an "exaggerated response" is insufficient to overcome the Magistrate Judge's finding in this regard.

So, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 30th day of March, 2022;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 51] is GRANTED, and judgment is entered in favor of Defendants and against Plaintiff on all claims in this case. The report and recommendation of Magistrate Judge Lanzillo, issued February 14, 2022 [ECF No. 61] is adopted as the opinion of the court.

The Clerk is directed to mark this case CLOSED.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        U.S. Magistrate Judge